UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-440-F

| | |
|---|---|
| NGOZI UMELO, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| RHA HEALTH SERVICES, ) | |
| Defendant. ) | |

This matter is before the court for ruling on the defendant RHA Health Services' ("RHA") Motion to Dismiss [DE-3] the Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. The plaintiff, Ngozi Umelo, has filed her Response [DE-9] and RHA has filed a Reply [DE-10] thereto. With Ms. Umelo's consent, the matter was made available to this district's Pro Bono Panel, but no attorney has entered a notice of appearance within the time allowed. Ms. Umelo, therefore, is proceeding *pro se*. RHA is represented by two attorneys.

## I. Procedural and Factual History

Ms. Umelo timely initiated the instant lawsuit on July 27, 2011. *See* [DE-1], Exhibit 3. Service of the Complaint and Summons was had that same afternoon. *See id.* RHA timely removed the matter to this federal district court on August 24, 2011, and contemporaneously filed the instant Motion to Dismiss [DE-3], arguing that this action must be dismissed because the Complaint fails to state a claim for relief under the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) (hereinafter "Title VII") or North Carolina's common law cause of action for wrongful discharge against public policy.

The documents attached to RHA's Notice of Removal reveal that Ms. Umelo initiated these proceedings in state court in the Superior Court of Wake County, Raleigh, North Carolina, on or about July 27, 2011. *See* [DE-1], Exhibit 3 . The Complaint, in the form of a handwritten "To Whom it May Concern" letter, states that Ms. Umelo is filing a lawsuit against former

employer, "RHA Health Services, Inc." for "a wrongful termination of my job and discrimination." *Id.* She explains that RHA "failed to comply to [sic] the policies on PDO (paid day off), [bereavement], parking, and sick day's [sic] off." *Id.*

In addition to the state court pleadings and documents, RHA also attaches an EEOC Notice of Charge of Discrimination, addressed to the Administrator of RHA, to the Notice of Removal as Exhibit 1 [DE-1-1]. The charge identifies Ms. Umelo as the "person filing [a] charge" of employment discrimination under Title VII. *Id.* Box 3 is checked, directing that the recipient of the notice:

> [P]rovide by 04-MAR-11 a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

*Id.* At the bottom of the Notice of Charge, dated February 11, 2011, the "National Origin" box is checked indicating the "circumstances of alleged discrimination." *Id.* The Notice of Charge also indicates that a copy of the EEOC Charge of Discrimination was attached, but no copy of the Charge is included in the materials attached to the defendant's Notice of Removal or to either of the briefs [DE-4 & -10] it has filed in this court. RHA did, however, attach a copy of the EEOC's right-to-sue notice alerting Ms. Umelo to her right to institute a lawsuit against RHA even though the EEOC "is unable to conclude that the information obtained establishes violations of the statutes" but "does not certify that [RHA] is in compliance with the statutes." *See* Notice of Removal, Exhibit 2 [DE-1-2].

## II. Standard of Review

In considering a motion to dismiss, this court's obligation is to test the sufficiency of the complaint to determine whether it alleges a claim for which relief can be granted. *See Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). In so doing, the court evaluates the complaint in its entirety, as well as those documents attached to the complaint, along with any

that are integral and authentic. *See E.I. du Pont de Nemours and Co. v. Kolon Indust.*, 637 F.3d 435, 448 (4th Cir. 2011); *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the " '[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.' " *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), *cert. denied*, 130 S. Ct. 1140 (2010). Nevertheless, " '[g]enerally speaking, *pro se* litigants are held to a less stringent standard than trained attorneys; the court must afford a *pro se* complaint generous construction.' " *Sturdivant v. K&S Sanitation Service, Inc.*, No. 3:11-CV-136-RJC-DSC, 2011 WL 5237747, slip. op. *2 (W.D.N.C. Oct. 24, 2011) (quoting *Sado v. Leland Mem'l Hosp.*, 933 F. Supp. 490 (D. Md. 1996) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972))).

If a court concludes that a complaint fails to state a claim, it has the discretion to allow a defendant's motion to dismiss under Rule 12(b)(6) with or without prejudice. *See Field v. GMAC LLC*, 660 F. Supp. 2d 679, 690 (E.D. Va. 2008), *aff'd*, 328 Fed. Appx. 873 (4th Cir. 2009). Indeed, the Fourth Circuit Court of Appeals has observed that in light of the overarching federal policy of deciding cases on the basis of the merits rather than on technicalities, " '[a] dismissal under Rule 12(b)(6) generally is not final or on the merits and the court normally will give plaintiff leave to file an amended complaint.' " *Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999) (internal citation omitted).

3

III. Analysis

In its motion to dismiss, RHA assumes that Ms. Umelo is attempting to allege a claim under Title VII and/or a common law cause of action for wrongful discharge in violation of North Carolina public policy, and contends Ms. Umelo's attempt is deficient. RHA contends Ms. Umelo's failure to allege a sufficient factual basis for each element of her Title VII and/or North Carolina wrongful discharge claim(s) requires the dismissal of her lawsuit pursuant to Rule 12(b)(6). *See, e.g., Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) (observing that " 'the Supreme Court's holding in *Swierkiewicz v. Sorema,* [534 U.S. 506 (2002)] did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim' ").

Specifically, RHA contends that the Complaint alleges only that Ms. Umelo was employed by RHA; was terminated by RHA on January 21, 2011; that RHA failed to comply with its internal policies concerning sick days, paid days off, parking, and bereavement; and that such termination constituted prohibited discrimination. RHA also correctly observes that the Complaint does not allege a protected status (such as race, sex or national origin). Nor does it allege that Ms. Umelo was performing her job in a satisfactory manner, or specify the manner in which she was treated differently than other similarly situated RHA employees. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (listing elements of Title VII claim as plaintiff's membership in a protected class, her satisfactory job performance, an adverse employment action, and more favorable treatment of similarly situated employees who are not members of a protected class).

The court agrees with RHA that the Complaint, as it presently constituted, does not state a claim for violation of Title VII or for wrongful discharge in violation of public policy. Consequently, RHA's Motion to Dismiss [DE-3] is ALLOWED without prejudice.

The court disagrees, however, with RHA's representation in its Reply brief [DE-10] that "[p]laintiff also suggests [in her Response [DE-9]], *for the first time*, that her employment discrimination claim is one for national origin discrimination." Reply [DE-10] at unnumbered p. 2 (emphasis added). Materials accompanying RHA's Notice of Removal [DE-1] – specifically, the Notice of Charge of Discrimination directed to RHA's Administrator, *see* Exhibit 1 – alerted RHA in February 2011, to Ms. Umelo's EEOC Charge alleging "National Origin" employment discrimination under Title VII.

In consideration of Ms. Umelo's *pro se* status, the timeliness of her pleadings, the matters of record demonstrating that RHA had prompt actual notice of Ms. Umelo's National Origin Title VII EEOC Charge, and received same-day service of her *pro se* summons and complaint, as well as in the best interests of justice, the court GRANTS LEAVE for Ms. Umelo to file an Amended Complaint on or before **November 30, 2011**, alleging facts that she contends support her claim for Title VII relief and satisfy her burden to plead under Rule 8, Fed. R. Civ. P.[1] RHA thereafter may renew its 12(b)(6) motion with appropriate modifications, if it wishes to do so.

## IV. SUMMARY

Under the circumstances of this case and in the exercise of court's discretion, RHA's Rule 12(b)(6) motion to dismiss this *pro se* Title VII action is ALLOWED, and this action is

---

[1] The Fourth Circuit Court of Appeals acknowledged in *Dolgaleva v. Virginia Beach City Public Schools*, 364 Fed. Appx. 820, 827 n.6 (4th Cir. 2010), that "[a]t the pleading stage . . . a complaint of national-origin discrimination need only provide sufficient factual allegations to support the elements of the claim") (citing *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 346 (4th Cir. 2006)). The *Dolgaleva* panel noted that a plaintiff sufficiently pleads a claim of national-origin discrimination when he alleges a violation of Title VII and " 'detailed the events leading to his [adverse employment determination], provided dates, and included . . . nationalities of at least some of the relevant persons involved with his termination.' " *Id.* at 827 (quoting *Swierkiewicz*, 534 U.S. at 514).

5

DISMISSED without prejudice. Plaintiff Ngozi Umelo may file an Amended Complaint if she desires, on or before **November 30, 2011**, pursuant to Rule 15(a)(1), Fed. R. Civ. P.

**Ms. Umelo is cautioned that if she fails to do so, or if her Amended Complaint fails to satisfy the applicable standards discussed herein, this action will be dismissed.**

SO ORDERED.

This, the 10th day of November, 2011.

*James C. Fox*
JAMES C. FOX
United States District Judge